Manuk **MURADKHANYAN**, Petitioner,

v.

Loretta E. **LYNCH**, Attorney
General, Respondent.

No. 14-72196

United States Court of Appeals,
Ninth Circuit.

Submitted December 13, 2016 *
San Francisco, CA

Filed December 16, 2016

Houman Varzandeh, Varzandeh Anderson LLP, Los Angeles, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, David H. Wetmore, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: BERZON and MURGUIA, Circuit Judges, and BLOCK,** District Judge.

MEMORANDUM ***

Petitioner Manuk Muradkhanyan petitions for review of an order of removal from the Board of Immigration Appeals (BIA), based on Muradkhanyan's conviction of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii).

By statute, we lack jurisdiction to review a removal order against an alien who committed an aggravated felony where the aggravated felony led to removal. *See* 8 U.S.C. § 1252(a)(2)(C); *Daas v. Holder*, 620 F.3d 1050, 1053 (9th Cir. 2010). We review only whether Muradkhanyan's underlying offense was an aggravated felony. *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We also have jurisdiction to consider whether the proceedings violated constitutional due process. *See* 8 U.S.C. § 1252(a)(2)(D); *Rodriguez–Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013). Whether an offense is an aggravated felony is a legal question, and the panel reviews de novo. *Barragan–Lopez v. Holder*, 705 F.3d 1112, 1114 (9th Cir. 2013). We affirm the BIA's conclusions and deny Muradkhanyan's petition for review.

1. In a removal proceeding, the government "bears the burden of establishing by clear, unequivocal, and convincing evidence, all facts supporting deportability." *Ayala–Villanueva v. Holder*, 572 F.3d 736,

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

** The Honorable Frederic Block, District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

737 n.3 (9th Cir. 2009) (citing *Chau v. INS*, 247 F.3d 1026, 1029 n.5 (9th Cir. 2001)). Here, the government offered clear and convincing evidence that Muradkhanyan was convicted of conspiracy racketeering under 18 U.S.C. § 1962(d). Though the judgment of conviction for Muradkhanyan listed 18 U.S.C. § 1926(d) as the statute of conviction—a non-existent provision—other parts of the judgment, the underlying indictment, and the federal code all make clear Muradkhanyan was convicted under 18 U.S.C. § 1962(d). The BIA permissibly looked to this evidence to find the existence of Muradkhanyan's conviction. 8 C.F.R. § 1003.41(d).

2. Aggravated felonies include "an offense described in section 1962 of Title 18 (relating to racketeer influenced corrupt organizations) . . . for which a sentence of one year imprisonment or more may be imposed[.]" 8 U.S.C. § 1101(a)(43)(J). Muradkhanyan's conviction for conspiracy racketeering under 18 U.S.C. § 1962(d) "qualifies as an aggravated felony on its face." *See United States v. Gonzalez–Corn*, 807 F.3d 989, 991 (9th Cir. 2015).

3. Muradkhanyan also raises procedural challenges to the proceedings before the immigration judge. Such challenges require showing prejudice. *See Gutierrez v. Holder*, 662 F.3d 1083, 1090–91 (9th Cir. 2011). Muradkhanyan does not attempt to show prejudice, and his argument that showing prejudice is unnecessary must fail. *See Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1035 (9th Cir. 2008).

**PETITION DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provid-